IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**RICHARD L. JOHNSON,**

    **Plaintiff,**

**vs.**                                       **Case No. 5:04cv144-RH/WCS**

**NURSE D. KENT,**

    **Defendant.**

                             /


## O R D E R

Defendant filed a "motion to dismiss the ADA/RA claims" from Plaintiff's complaint. Doc. 46. Plaintiff, a *pro se* inmate, has filed a response to that motion. Doc. 49.

Defendant contends that Plaintiff's ADA and Rehabilitation Act claims are unexhausted and should, therefore, be dismissed under 42 U.S.C. § 1997e. Doc. 46.[1] Plaintiff's response clarifies that he intended to file a § civil rights suit alleging an Eighth Amendment violation but did not intend to raise separate and distinct claims under the ADA or the Rehabilitation Act. Doc. 49. Thus, the motion to dismiss, doc. 46, is denied as moot in light of Plaintiff's explanation.

---

[1] Defendants filed a special report addressing Plaintiff's Eighth Amendment claim on the merits. Doc. 47.

As noted previously, doc. 48, Defendant also filed a special report, doc. 47, with numerous supporting exhibits and a statement of facts to which Defendant contends there is no dispute. Doc. 47, p. 2. The special report will be construed as a motion for summary judgment under FED. R. CIV. P. 56. Plaintiff will be required to file a response in opposition to the special report.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985). This requires that the Court give express 10 day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default; *i.e.*, the fact that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with Brown and Griffith.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Plaintiff is advised that in opposing the motion he is the nonmoving party, and as Plaintiff he bears the burden of proof. In this situation, Defendant need not negate Plaintiff's claim. Defendants need only show "there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial." Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004); *see also* Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

However, in opposition to summary judgment, a plaintiff must "present evidence from which a jury might return a verdict in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Put another way, Plaintiff has the burden of coming forward with evidentiary material demonstrating a genuine issue of fact for trial. "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." Hickson Corp. v. Northern Crossarm Co., Inc..357 F.3d 1256, 1259 (11th Cir. 2004). Furthermore, a factual issue "is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Western Group Nurseries, Inc. v. Ergas, 167 F.3d 1354, 1361 (11th Cir. 1999), *citing* Anderson, 477 U.S. at 248, 106 S.Ct. at 2510. Thus, Plaintiff should be aware that "the mere existence of some alleged factual dispute between the parties will not defeat" a summary judgment motion; there must be a "genuine issue of material fact." Anderson, 477 U.S. at 247-248, 106 S.Ct. at 2510.

Plaintiff may not rely upon the "mere allegation or denials" in the pleadings in opposing summary judgment. Anderson, 477 U.S. at 256, 105 106 S.Ct. at 2514. Rather, to withstand Defendant's summary judgment motion, and because Plaintiff bears the "ultimate burden of proof at trial," Plaintiff must "come forward with evidence sufficient to withstand a directed verdict motion." Hickson Corp., 357 F.3d at 1260. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as

would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

Further, as required by Rule 56.1, Rules for the Northern District of Florida:

> The party opposing the motion [for summary judgment] shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth above.
>
> All material facts set forth in the statement [of uncontested facts] required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party.

N.D. Fla. Loc. R. 56.1(A). Because Defendant submitted a separate statement of material facts as to which it is contended there is no genuine issue of fact, Plaintiff must (in addition to submitting other materials permitted by the Federal Rules, discussed above) submit a separate statement of facts as to which Plaintiff contends there *is* a genuine issue of fact. Rule 56.1(A). The statement must reference the "source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source." *Id*. Facts set forth in Defendant's statement will be deemed admitted unless controverted by Plaintiff's statement. *Id*.

The Court must give at least ten days notice (not including weekends and holidays, Brown at 708), and so the parties are hereby notified that the Court will take the motion for summary judgment under advisement on **October 24, 2005.** The file will be referred to the undersigned on that date, and delay in entry of a report and recommendation after that date will be due to the need to adjudicate motions in other cases which have become ready for adjudication earlier than this case.

Plaintiff should file affidavits or other material in opposition to summary judgment before that date.  If additional time is needed, he must file a motion for extension of time (describing why the time is needed and how much time is necessary) <u>before</u> the date on which the motion will be taken under advisement.  Defendants need not file any further materials if they wish to rely upon the special report and materials submitted therewith, but are permitted to do so by the deadline stated above.

Accordingly, it is **ORDERED:**

1.  The parties are advised that the special report, doc. 47, is construed as a motion for summary judgment and will be taken under advisement on **October 24, 2005.**  A report and recommendation will be entered on or after that date.  The parties must submit any additional material in support of, or in opposition to, summary judgment before that date.

2.  Defendant's motion to dismiss the ADA/RA claims, doc. 46,is **DENIED as moot** in light of Plaintiff's clarification of his claims, doc. 49.

3.  The Clerk of Court shall return this file to the undersigned upon Plaintiff's filing of a response to the motion for summary judgment, doc. 47, or no later than October 24, 2005.

**DONE AND ORDERED** on September 23, 2005.

                                                <u>s/    William C. Sherrill, Jr.          </u>
                                                **WILLIAM C. SHERRILL, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**